IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ACCO FINANCE CO., | ) | No. CV-F-06-158 OWW/LJO |
| | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION TO CORRECT AND |
| Plaintiff, | ) | ENFORCE STIPULATED JUDGMENT |
| | ) | AND TRANSFER ORDER (Doc. |
| vs. | ) | 29), ISSUING AMENDED |
| | ) | STIPULATED JUDGMENT AND |
| | ) | TRANSFER ORDER, AND VACATING |
| KYLE YANCEY, et al., | ) | ORAL ARGUMENT SET FOR |
| | ) | OCTOBER 30, 2006 |
| | ) | |
| Defendant. | ) | |
| | ) | |

On June 18, 2006 a Stipulated Judgment and Transfer Order was filed in this action. Paragraph 1 of the Stipulated Judgment provided:

> 1.  This is an interpleader action wherein Defendants have asserted competing claims to $242,294.62, which ACCO held for the benefit of Defendant KYLE YANCEY ....

ACCO moves pursuant to Rule 60(a), Federal Rules of Civil Procedure, to correct the Stipulated Judgment to that the amount to which Defendants have asserted competing claims is

1

$208,802.03.[1]  Submitted with the motion is the Declaration of John Michael of the law firm Baker, Manock & Jensen, attorneys for ACCO Finance Co., in which Mr. Michael avers in pertinent part:

> 6.  In or about July 2006, it was brought to my attention that the amount listed on the Stipulated Judgment and Transfer Order, $242,294.62, was not the same as the funds held on deposit with the court in this action.  The correct amount deposited by this firm on behalf of plaintiff was actually $208,802.03.
>
> 7.  On or about July 13, 2006, I circulated a letter detailing the error along with an Amended Stipulated Judgment and Transfer Order for all the parties to sign ....
>
> 8.  The only change made that is reflected in the Amended Stipulated Judgment and Transfer Order ... is that of the amount held by the court in this action.  The incorrect amount listed in the original stipulation was purely a clerical error and a mistake.
>
> 9.  As of the date of this declaration [September 25, 2006], we have not received a signed copy of the Amended Stipulation from defendant Euell Barnes.  We have received all other signatures, including that of Mr. Barnes' attorney of record, Michael Johnson.

Also submitted with the motion is the Declaration of John Chris Gomez of the law firm Gubler & Ide, attorneys for defendants UAP

---

[1] Rule 60(a), Federal Rules of Civil Procedure, provides in pertinent part:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

2

Distribution, Inc. and Loveland Industries.  Mr. Gomez avers in pertinent part:

> 5.  On June 15, 2006, the Stipulated Judgment and Transfer Order was filed with this court.  The Notice of Entry of Judgment was filed on June 17, 2006.
>
> 6.  After some delay in distribution from the court, we inquired as to the cause of the delay.  The delay resulted in a letter from attorney John Michael ... circulating an Amended Stipulated Judgment.  The amendment was to correct the amount of money held by the court which was erroneously listed as $242,394.62 in the original stipulation.  The actual amount held in this interpleader action was $208,802.03.  The Amended Stipulation was sent out by Mr. Michael dated July 13, 2006.  Our office on or about July 18, 2006, signed and returned the signatures on the Amended Stipulation to [Mr. Michael].
>
> 7.  After several telephone calls and letters from our office to Mr. Michael, it was ascertained that as of August 24, 2006, not all signatures had been obtained on the Amended Stipulation.  As of August 14, 2006, we received a letter from Mr. Michael's office indicating that Kyle Yancey, Euell Barnes, and Euell Barnes' attorney Michael Johnson, had not yet returned their signatures for the Amended Stipulation.
>
> 8.  On or about August 24, 2006, I sent a letter to all parties indicating that if the signatures for the Amended Stipulation were not forthcoming by August 31, 2006 we would file a motion to enforce the Stipulated Judgment and Transfer Order filed on June 17, 2006, and that we would be seeking attorneys' fees from the parties for doing so ....
>
> 9.  On or about September 1, 2006, we were informed by John Michael's assistant that Kyle Yancey's signature had been received at their office via facsimile.  On that same day, I had discussions with Michael Johnson, attorney for Euell Barnes, regarding his client's signature.  Mr. Johnson represented

3

1             that his client would be signing the
2             stipulation and returning the signature by
              September 6, 2006.

3        10.  On September 13, 2006, our office
              received a message from John Michael's
4             assistant that they had received all of the
              signatures on the Amended Stipulation at that
5             time and would be filing it as soon as
              possible.
6
         11.  On September 11, 2006, I responded by
7             letter to Mr. Michael confirming the message
              from his office and requesting that this
8             matter be expedited ....

9        12.  On or about September 19, 2006, our
              office telephoned John Michael's office as to
10            inquire the status of the filing of the
              Amended Stipulation.  We were informed at
11            that time that all signatures had been
              received except for that of Euell Barnes.
12            There was no explanation as to why this
              signature had not been received.  In response
13            to that information, I telephoned Michael
              Johnson, attorney for Euell Barnes to inquire
14            as to the hold up.  I was informed that by
              [sic] Mr. Johnson that Mr. Barnes had refused
15            to sign the Amended Stipulation.  Mr. Johnson
              indicated that he would speak with his client
16            by September 20, 2006 regarding his refusal
              to sign.  I requested at that time they fax
17            immediately Mr. Barnes' signature as soon as
              it is received.
18
         13.  As of today's date, September 25, 2006,
19            no signature page has been received by our
              office or by the attorneys for the plaintiff,
20            ACCO FINANCE CO.

21     No oppositions to the motion have been filed within the time

22 provided by Rule 78-230(c), Local Rules of Practice.

23     The docket in this action establishes that the amount

24 deposited by ACCO with the Clerk of the Court is $208,802.30.

25 The docket and Mr. Michael's declaration establish the inaccurate

26 amount set forth in the Stipulated Judgment and Transfer Order

4

resulted from a clerical mistake.  The absence of any opposition to the motion demonstrates that Mr. Barnes' refusal to sign the Amended Stipulated Judgment and Transfer Order is unsupported by legal or factual concerns.

ACCORDINGLY, as set forth above:

A.  Plaintiff's motion is GRANTED and oral argument on the motion set for October 30, 2006 is VACATED.

B.  An Amended Stipulated Judgment and Transfer Order is ADJUDGED, DETERMINED AND DECREED:

> Plaintiff ACCO FINANCE CO. ("Acco") and Defendants KYLE YANCEY, an individual and dba "Kyle Yancey Farms"; YANCEY FARMS, L.L.C., an Arizona limited liability company; BRUCE YANCEY, an individual; EUELL BARNES, an individual; UAP DISTRIBUTION, INC., a Delaware Corporation and also doing business as "UAP West"; LOVELAND INDUSTRIES, INC., a Colorado corporation and also doing business as "UAP West", together with the parties' respective attorneys of record stipulate and agree as follows:
>
> 1. This is an interpleader action wherein Defendants have asserted competing claims to $208,802.03, which ACCO held for the benefit of Defendant KYLE YANCEY.  The $208,802.03 ("Stake") has been deposited with this Court by ACCO.  With the exception of Defendant KAYLA YANCEY, all Defendants have appeared in this action.  The parties wish to end this lawsuit and stipulate to judgment as follows.
>
> 2.  From the Stake, UAP DISTRIBUTION, INC., a Delaware corporation and also doing business as "UAP West"; LOVELAND INDUSTRIES, INC., a Colorado corporation and also doing business as "UAP West" (collectively "UAP") shall be paid the sum of $135,000.00.  This represents UAP's full and complete claim to monies held in the Stake.  The money shall be paid to UAP

|     |     |
| --- | --- |
| 1   | through its attorney of record.  UAP shall be discharged from this lawsuit. |
| 2   |     |
| 3   | 3.   From the Stake, ACCO shall be paid $7,000.00.  This represents its reasonable attorneys' fees and costs expended in this lawsuit.  The money shall be paid to ACCO through its attorney of record. |


1  through its attorney of record.  UAP shall be
2  discharged from this lawsuit.

3       3.   From the Stake, ACCO shall be
4  paid $7,000.00.  This represents its
   reasonable attorneys' fees and costs expended
5  in this lawsuit.  The money shall be paid to
   ACCO through its attorney of record.

6       4.   ACCO shall be discharged from
   this lawsuit and determined to have no
7  further financial obligation to any
   Defendant, in relation to any monies it held
8  for Defendant KYLE YANCEY.  Additionally, a
   permanent injunction shall issue against
9  Yancey Farms, L.L.C. in <u>Yancey Farms, L.L.C.
   v. Yancey</u>, Yuma County, State of Arizona
10 Superior Court Case No. CV2004-00868
   ("Garnishment Proceeding") pursuant to 28 USC
11 § 2361.  Pursuant to this permanent
   injunction, Defendant YANCEY FARMS, L.L.C.,
12 its agents, servants, assigns, and all those
   acting in concert with it, are permanently
13 enjoined and restrained from further
   prosecuting against ACCO in the Garnishment
14 Proceeding.

15      5.   After the amounts above have been
   paid to ACCO and UAP, the remaining Stake
16 shall be transferred to an Arizona court of
   competent jurisdiction for further
17 proceedings.  It shall be the responsibility
   of KYLE YANCEY, BRUCE YANCEY and/or YANCEY
18 FARMS, L.L.C. to advise this Court of the
   Arizona court to assume control of the
19 balance of the Stake and to arrange for the
   transfer of the remaining Stake.

20      6.   Outside of ACCO's fees and
   costs noted above, each party is to bear
21 their own costs and attorneys' fees related
   to this suit.
22 IT IS SO ORDERED.

23 **Dated:   October 23, 2006**                **/s/ Oliver W. Wanger**
   668554                                       UNITED STATES DISTRICT JUDGE

6